UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DENNIS DUNN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:10-cv-00078-RLY-WGH |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTIONS; EDWIN G. BUSS, | ) | |
| Commissioner of the Indiana Department of | ) | |
| Corrections, in his individual capacity and | ) | |
| official capacity; and, ALAN CHAPMAN, | ) | |
| Superintendent of Henryville Correctional | ) | |
| Facility, in his individual capacity and | ) | |
| official capacity, | ) | |
|     Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Indiana Department of Corrections ("IDOC"), Edwin G. Buss ("Buss"), and Alan Chapman ("Chapman") (collectively, "Defendants"), move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") as to Dennis Dunn's ("Plaintiff") claim that Defendants Buss and Chapman, in their official and individual capacities as Commissioner of the IDOC and Superintendent of Henryville Correctional Facility, respectively, and the IDOC, deprived Plaintiff of his Eighth and Fourteenth Amendment rights under the United States Constitution. For the reasons set forth below, Defendants' Motion for Judgment on the Pleadings ("Motion") is **GRANTED**.

1

**I.   Background**

At all relevant times to this suit, Plaintiff was incarcerated at the Henryville Correctional Facility ("Correctional Facility"), part of the IDOC, in Henryville, Indiana. (Complaint ¶¶ 1, 3, 14). The IDOC is the legal institution responsible for imprisoning convicted criminals in Indiana and for the reasonable care and custody of those inmates. (*Id.* ¶ 7).

On July 18, 2008, Plaintiff worked as part of a mowing crew through the Correctional Facility. (*Id.* ¶ 11). As he walked past another inmate who was operating a three blade weed eater, Plaintiff was struck by the weed eater, which inflicted at least two long lacerations to his hand and wrist. (*Id.* ¶¶ 12-13). Plaintiff received initial treatment through King's Daughter's Hospital, but was denied adequate follow up treatment and rehabilitation while incarcerated at the Correctional Facility. (*Id.* ¶ 14).

In Count I, Plaintiff alleges that pursuant to 42 U.S.C. § 1983 ("Section 1983") his rights under the Eighth and Fourteenth Amendments of the United States Constitution were violated due to Defendants' deliberate indifference to Plaintiff's serious medical needs and human life, resulting in cruel and unusual punishment and a denial of due process of the laws for which Plaintiff seeks compensatory and exemplary damages. (*Id.* ¶¶ 2, 16). Additionally, Plaintiff claims in Count II that the policies and practices of the IDOC authorize certain officers, including but not limited to Buss and Chapman, to deny, delay, and prevent prompt and continuing medical treatment of injured persons in the IDOC's care, and encourage and cause constitutional violations by agents of the IDOC,

including the violations against Plaintiff. (*Id.* ¶ 21). Because these policies and practices were the proximate cause of the conduct that caused Plaintiff's injury, Defendants are liable for violations of Plaintiff's constitutional rights. (*Id.* ¶ 22). Plaintiff seeks not less than five million dollars ($5,000,000) in damages. (*Id.*). Defendants move for judgment on the pleadings, contending that Plaintiff's claims in Count I are barred by the Eleventh Amendment and that the doctrine of *respondeat superior* does not apply to Section 1983 actions. Defendants also move for judgment on Count II, arguing that only municipalities are liable under Section 1983 for constitutional deprivations based on customs or policies of the government. If the court deems Plaintiff's Complaint insufficient, Plaintiff requests leave to amend the Complaint.

## II.     Motion for Judgment on the Pleadings Standard

A motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the lawsuit. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). Thus, a complaint need not make detailed factual allegations to survive a Rule 12(c) motion for judgment on the pleadings, but it must contain more than labels and conclusions or a formalistic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In making its determination, the court accepts the allegations in the complaint as true and draws all

3

reasonable inferences in favor of the plaintiff. *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). Accordingly, the facts outlined above are accepted as Plaintiff alleges them.

**III. Discussion**

**A. The IDOC, and Buss and Chapman, in their official capacities**

In the absence of a state's consent or a valid congressional override, the Eleventh Amendment bars suits in federal court against a state or one of its agencies or departments for money damages. *Moore v. Indiana*, 999 F.3d 1125, 1128 (7th Cir. 1993). Because the IDOC is a state agency, and Indiana has not consented to this suit, Plaintiff's claims against the IDOC are barred by the Eleventh Amendment. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (finding that the IDOC is a state agency and thus is immune from suit in federal court for money damages). This principle also applies to suits against state officials in their official capacities for money damages. *Wynn*, 251 F.3d at 592. Accordingly, the Eleventh Amendment bars Plaintiff's claims against Buss and Chapman, both state officials, in their official capacities. *See id.* (barring claims against corrections officials in their official capacities). Thus, Plaintiff's claims against the IDOC and Buss, and Chapman in their official capacities are precluded.

**B. Buss and Chapman, in their individual capacities**

Plaintiff's remaining claims are against Buss and Chapman in their individual capacities for their alleged deliberate indifference to Plaintiff's medical needs, as well as

4

their encouragement of policies and practices of the IDOC and failure to adequately train or supervise its correctional officers, all in violation of Plaintiff's constitutional rights.

Although suits against a state official in his individual capacity lie outside the scope of Eleventh Amendment immunity, "a valid § 1983 claim for damages against a state supervisory official in his individual capacity requires 'a showing of direct responsibility for the improper action.'" *Moore*, 999 F.2d at 1129 (7th Cir. 1993) (quoting *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). In other words, "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Illinois*, 251 F.3d 612, 651 (7th Cir. 2001)). A defendant is personally responsible "if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Chavez*, 251 F.3d at 652. Additionally, only municipalities are liable under Section 1983 for constitutional deprivations based upon customs or policies of the municipality. *See Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 691-92 (1978). Likewise, failure to train claims in the Eighth Amendment context may only be maintained against a municipality, not individuals. *Sanville*, 266 F.3d 724, 740-41.

Plaintiff's Complaint does not sufficiently allege that Buss and Chapman were personally responsible for any deprivation of Plaintiff's constitutional rights. Although Plaintiff alleges that the defendants were deliberately indifferent to Plaintiff's serious

5

medical needs, resulting in violations of the Eighth and Fourteenth Amendments, such a statement is merely conclusory, and Plaintiff offers no factual allegations demonstrating the defendants' personal knowledge of Plaintiff's medical needs.  (*See* Complaint ¶¶ 14-16).  Plaintiff merely alleges that he was denied adequate follow-up treatment and rehabilitation for his lacerations while incarcerated at the Correctional Facility, without mention of the defendants.  (Complaint ¶ 14).  Plaintiff's recitation of the elements of a deliberate indifference claim does not sufficiently state a claim for relief from Buss and Chapman in their individual capacities.  *See Twombly*, 550 U.S. at 555.  Furthermore, Buss and Chapman are not municipalities, and therefore are not liable under Section 1983 for constitutional deprivations based upon customs or policies.  *See Monell*, 436 U.S. at 691-92.  Finally, the failure to train claim in Count II, which is in the Eighth Amendment context, may not be maintained against the Buss and Chapman as individuals.  *See Sanville*, 266 F.3d at 740-41.  Accordingly, all claims against Buss and Chapman, in their individual capacities, are invalid.

## C. Plaintiff's Request for Leave to Amend the Complaint

Although Plaintiff requests in his Response that the court grant Plaintiff leave to file an amended complaint, the Local Rules require a request for a court order be made by motion.  *See* Local Rule 7(b).  Even if the court considers Plaintiff's request, amendment would be futile, unless the amended complaint meets the requirements of Federal Rule of Civil Procedure 15(c) ("Rule 15(c)").  Under Rule 15(c), Plaintiff may change the parties; however, the party(s) brought in by amendment must have "received such notice of the

action that it will not be prejudiced in defending on the merits" and "known or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED.R.CIV.P. 15(c). Also, any new defendants must have received actual notice of the claims within the statute of limitations for those claims. *Moore*, 999 F.2d at 1130. If Plaintiff believes an amended complaint would conform to requirements of Rule 15(c), he shall have thirty (30) days to file an amended complaint.

## IV. Conclusion

For the aforementioned reasons, the court **GRANTS** Defendant's Motion for Judgment on the Pleadings (Docket # 14). If Plaintiff wishes to amend his Complaint, he must do so within **30 DAYS** from the date of this entry.

**SO ORDERED** this 28th day of January 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

John Andrew Goodridge
John Andrew Goodridge Law Office
jagoodridge@att.net

Akia Haynes
INDIANA OFFICE OF THE ATTORNEY GENERAL
akia.haynes@atg.in.gov

Aaron R. Raff
INDIANA ATTORNEY GENERAL
aaron.raff@atg.in.gov